UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CINCINNATI INSURANCE COMPANY,

          Plaintiff,

v.                               **DECISION AND ORDER**
                                        13-CV-1000S

ROY'S PLUMBING, INC., *et al.*,

          Defendants.

        1.        Plaintiff Cincinnati Insurance Company commenced this action in October 2013 seeking a declaration that it had no duty under liability insurance policies issued to Roy's Plumbing to either defend or indemnify this Defendant in a lawsuit against it. Defendant Roy's Plumbing filed a counterclaim seeking a declaration that Plaintiff had such duties. Presently before this Court is Plaintiff's motion for voluntary dismissal of its complaint against all defendants pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. On April 29, 2014, this Court reserved decision on Plaintiff's motion with respect to only Roy's Plumbing, and granted dismissal with respect to all other defendants.

        2.        Dismissal under Rule 41(a)(2) is discretionary, although a voluntary dismissal without prejudice will generally be allowed if no prejudice to the defendant would result. Catanzano v. Wing, 277 F.3d 99, 109 (2d Cir. 2001). In moving for dismissal of its own complaint, Plaintiff argues that there will be no such prejudice here because the merits of the dispute may be considered under Roy's Plumbing's remaining counterclaim. In short, if granted, the parties would simply switch their roles and Roy's Plumbing would become the plaintiff in this declaratory judgment action.

3. The motion is denied with respect to Roy's Plumbing. As this Defendant argues, under New York law,[1] the recoupment of legal fees is available to an insured only for the successful defense of an insurance coverage action, not the prosecution thereof. See U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 3 N.Y.3d 592, 597, 822 N.E.2d 777 (2004); Mighty Midgets, Inc. v. Centennial Ins. Co., 47 N.Y.2d 12, 21, 389 N.E.2d 1080 (1979). The fact that there has been a change in the case law which Plaintiff believed initially mandated its prosecution of this action is of no moment.[2] There is no argument supporting a conclusion that Roy's Plumbing should bear the burden of any such change by losing the possibility of recovering legal fees. Nor can it simply be assumed from the counterclaim that this Defendant would have chosen to commence an independent action in the absence of Plaintiff's lawsuit. Further, the New York Court of Appeals continues to counsel that it is "sound advice" for " 'an insurance company that disclaims in a situation where coverage may be arguable . . . to seek a declaratory judgment concerning the duty to defend or indemnify the purported insured." K2 Inv. Group v. Am. Guarantee & Liability

---

[1] In the absence of a contractual obligation of the parties to the contrary, the substantive law of the forum state is applied in diversity cases. General Star Nat. Ins. Co. v. Universal Fabricators, Inc., 585 F.3d 662, 669 (2d Cir. 2009).

[2] In K2 Inv. Group v. Am. Guarantee & Liability Ins. Co., the New York Court of Appeals held that "when a liability insurer has breached its duty to defend its insured, the insurer may not later rely on policy exclusions to escape its duty to indemnify the insured for a judgment against him." 21 N.Y.3d 384, 387, 993 N.E.2d 1249 (June 11, 2013). Accordingly, " '[a]n insurance company that disclaims in a situation where coverage may be arguable is *well advised* to seek a declaratory judgment concerning the duty to defend or indemnify the purported insured.' " Id. at 390 (quoting Lang v. Hanover Ins. Co., 3 N.Y.3d 350, 356, 820 N.E.2d 855 (2004)) (emphasis added). Several months later, after Plaintiff filed the present action, the Court of Appeals vacated that decision after reargument and reaffirmed prior precedent holding that an insurance company was not barred from relying on policy exclusions as a defense to an indemnification claim after breaching a duty to defend. K2 Inv. Group v. Am. Guarantee & Liability Ins. Co., 22 N.Y.3d 578, 585-87, 6 N.E.3d 1117 (Feb. 18, 2014).

Ins. Co., 22 N.Y.3d 578, 586, 6 N.E.3d 1117 (Feb. 18, 2014) (quoting Lang v. Hanover Ins. Co., 3 N.Y.3d 350, 356, 820 N.E.2d 855 (2004)).  Accordingly:

IT HEREBY IS ORDERED, that Plaintiff Cincinnati Insurance Company's Motion for Voluntary Dismissal pursuant to Rule 41(a)(2) (Docket Nos. 24, 25) is DENIED with respect to Defendant Roy's Plumbing, Inc.;

FURTHER, as previously held (Docket No. 26), this motion is GRANTED with respect to all other defendants, who are dismissed from this action.

SO ORDERED.

Dated: May 22, 2014
       Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              Chief Judge
                                              United States District Court